**Firas Whalid Zako ALHANOUSH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–73060.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2005.**

Decided June 13, 2005.

David Robert Blake, Esq., Oceanside, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Douglas E. Ginsburg, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, Circuit Judges, and RESTANI,*** Judge.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

MEMORANDUM ****

Firas Whalid Zako Alhanoush ("Alhanoush"), a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Alhanoush argues that substantial evidence does not support the IJ's adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252, and we DENY the petition.

Because the BIA adopted the IJ's denial of asylum and withholding of removal, we review the IJ's adverse credibility finding for substantial evidence. *See Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004).

The IJ found that Alhanoush's testimony conflicted with his asylum application and contained numerous internal inconsistencies and confusing statements. The IJ emphasized that Alhanoush's testimony created doubt about the extent of his participation in the Iraqi regime's activities. The declaration attached to Alhanoush's revised asylum application describes his compulsory military service and states that, after completing this service, he refused a request that he "become a member of a special group which guard [sic] Saddam Hussein." Alhanoush later testified that he joined the Baath Party and the "Saddam Fayhadeem" organization but refused officials' requests to act as an informer. Despite his declared disobedience, Alhanoush testified that he later served with "the guards" in "Takrit" and stayed at Saddam's palace there.

Based on these inconsistencies, we conclude that the IJ's adverse credibility finding was supported by substantial evidence. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). The IJ's finding also supports his decision to deny withholding of removal. Relief under the CAT is not warranted because the facts of this case do not compel the conclusion that, despite the adverse credibility finding, a clear probability of torture exists. *Cf. Al–Harbi v. INS,* 242 F.3d 882 (9th Cir.2001).

**PETITION DENIED.**

---

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

